FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 03 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRIS JENSEN,
an individual

    Plaintiff,

vs.

CASE NO: 4:16-cv-120-BSM

SBA PROPERTIES, LLC.,
d/b/a BUNGALOW BILLS and
JOHNIE PROPERTIES, LLC., d/b/a
REMOUNT LIQUOR

This case assigned to District Judge __Miller__
and to Magistrate Judge __Deere__

    Defendants.
_____/

## COMPLAINT

Plaintiff, Chris Jensen ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues SBA Properties, LLC, and Johnie Properties, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("the Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Arkansas.

3.     Plaintiff, Chris Jensen (hereinafter referred to as "Jensen") is a resident of the State of Arkansas and is a qualified individual with a disability under the ADA. Jensen suffers from what

constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has a T-10 spinal cord injury and requires a wheelchair for mobility. Prior to instituting the instant action, Jensen visited the Defendants' premises at issue in this matter, which are adjacent to one another and share a single parking lot, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 12 of this Complaint, which Plaintiff personally encountered. Jensen continues to desire and intends to visit the Defendants' premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, SBA Properties, LLC, is a foreign limited liability company that is conducting business in the State of Arkansas. Upon information and belief, SBA Properties, LLC, (hereinafter referred to as "SBA" or collectively as "Defendants") is the owner, lessee and/or operator of one of the parcels of real property and improvements which is the subject of this action, specifically Bungalow Bill's located at 22 Remount Road, North Little Rock, Arkansas (hereinafter referred to as the " Bills" or collectively as the "Stores").

5. The Defendant, Johnie Properties, LLC, is a domestic limited liability company and is conducting business in the State of Arkansas. Upon information and belief, Johnie Properties (hereinafter referred to as "JP" or collectively as Defendants) is the owner, lessee and/or operator of one of the parcels of real property and improvements which is the subject of this action, specifically Remount Liquor located at 24 Remount Road, North Little Rock, Arkansas (hereinafter referred to as the "Remount Liquor" or collectively as the "Stores").

6. All events giving rise to this lawsuit occurred in the Eastern District of Arkansas.

## **COUNT I - VIOLATION OF THE ADA**

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the Stores owned and/or operated by Defendants are places of public accommodation in that they are retail stores that are owned and operated by private entities that provide goods and services to the public.

9. Defendants have discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Stores in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Stores owned and/or operated by Defendants. Prior to the filing of this lawsuit, Plaintiff visited the Stores at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the lack of accessible parking and the lack of an accessible route to enter both of the Stores. In addition, Plaintiff continues to desire and intends to visit the Stores, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Stores in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department

of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

12. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations of the subject properties:

(i) there is no wheelchair accessible parking or van accessible parking provided at either store;

(ii) There is no wheelchair accessible route provided to the entrance of either store;

(iii) Upon information and belief, the interior of both stores lack accessible paths of travel and sales counters and/or toilet rooms.

13. There may be other current barriers to access and violations of the ADA at the Stores owned and operated by Defendants which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make their Stores, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

18. WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declares that the properties owned and administered by Defendants is violative of the ADA;

    B. That the Court enter an Order directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 26th day of February 2016.

Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com